UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/17/18

CASE PROPERTIES SERVICES, LLC,

                Plaintiff,

-against-

COLUMBIA PROPERTIES PHOENIX, L.P.,
COLUMBIA SUSSEX CORPORATION,
CHRISTOPHER BALLAD and COLUMBIA
PROPERTIES MINNEAPOLIS, LTD.,

                Defendants.

No. 17-cv-03110 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff, Case Properties Services, LLC ("Plaintiff" or "CPS"), commenced this action against Defendants Columbia Properties Phoenix, L.P. ("Columbia Phoenix"), Columbia Sussex Corporation ("Columbia Sussex"), Columbia Properties Minneapolis, LTD. ("Columbia Minneapolis"), and Christopher Ballad ("Ballad") in the First Amended Complaint ("Amended Complaint," ECF No. 12). Plaintiff's claims are for breach of contract, account stated, unjust enrichment, breach of personal guaranty, and violation of the Defend Trade Secrets Act, 18 U.S.C. § 1839. Defendants move to dismiss Plaintiff's account stated, personal guaranty, and violation of the Defend Trade Secrets Act claims with prejudice under Federal Rule of Civil Procedure 12(b)(6). Defendants also move to dismiss Plaintiff's breach of contract and unjust enrichment claims against Defendant Columbia Sussex, also under Rule 12(b)(6) (Motion to

Dismiss Columbia Sussex Corporation from, and the Second, Fifth and Sixth Causes of Action in, Plaintiff's First Amended Complaint, "Def. Mot. to Dismiss").

For the following reasons, Defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND

The following facts are derived from the Amended Complaint or matters of which the Court may take judicial notice and are accepted as true for the purposes of this motion.

On January 14, 2015, Defendant Ballad, on behalf of Defendant Columbia Phoenix, entered into a "Consulting Agreement," annexed to Amended Complaint as Exhibit 1, with Plaintiff and engaged Plaintiff as a consultant for the terms and conditions provided in that agreement. (Compl. ¶ 19.) In that Consulting Agreement, Plaintiff agreed to provide due diligence and related planning; restructuring services, a reduction repurchase, acquisition, and/or release of debt owned by Defendant Columbia Phoenix; and general consulting services. Defendant Columbia Phoenix agreed to pay Plaintiff's hourly fees, capital fees, modification fees, and debt reduction fees. (*Id.* ¶¶ 20–21.) To effectuate its consulting services, Plaintiff uses proprietary methods and processes and those methods and processes are trade secrets. (*Id.* ¶¶ 30–31.)

On February 3, 2015, Plaintiff and Defendant Columbia Sussex entered into a letter agreement engaging Plaintiff for and making the Consulting Agreement applicable to Plaintiff's consulting services for various related entities ("Related Entities Agreement," annexed to Amended Complaint as Exhibit 2). (*Id.* ¶¶ 22–23.)

As the Consulting Agreement was set to expire on October 31, 2015, the parties amended it so that it would expire on December 31, 2015 ("First Extension Agreement," annexed to Amended Complaint as Exhibit 3). (*Id.* ¶ 24.) On November 17, 2015, before the Consulting Agreement expired, the parties modified the terms for calculating the debt reduction fees due to

2

Plaintiff ("Debt Reduction Fee Modification Amendment," annexed to Amended Complaint as Exhibit 4). (*Id.* ¶ 25.) The parties then again amended Consulting Agreement's expiration date, extending it to December 31, 2016 ("Second Extension Agreement," annexed to Amended Complaint as Exhibit 5). (*Id.* ¶ 26.) The Second Extension Agreement was executed and delivered in February 2016. (*Id.*)

Before and following December 31, 2016, Defendants Columbia Phoenix, Columbia Minneapolis, and Columbia Sussex "again requested and accepted Plaintiff's continued performance of consulting services, and verbally confirmed to Plaintiff that they intended to further extend the term of the Agreement." (*Id.* ¶ 27.) Relying on the verbal representations, and "as with the First Extension Agreement," Plaintiff continued to provide consulting services to those Defendants beyond the Consulting Agreement's expiration date. (*Id.* ¶ 28–29.)

From January 2015 through February 8, 2017, in furtherance of the Consulting Agreement, Plaintiff worked with various owners of the relevant debts, the Phoenix Airport Marriott and Minneapolis Airport Marriott loans, and arranged a meeting for February 9, 2017 to negotiate an agreement to modify the debt obligations of Defendants Columbia Phoenix, Columbia Minneapolis, or Columbia Sussex. (*Id.* ¶¶ 38–39.) On February 8, 2017, Plaintiff received an email from Defendant Ballad indicating that Defendants Columbia Phoenix, Columbia Minneapolis, and Columbia Sussex would not extend the term of the Consulting Agreement and instructing Plaintiff not to attend the meeting. (*Id.* ¶ 40.) On March 31, 2017, Defendants Columbia Phoenix, Columbia Minneapolis, "and/or" Columbia Sussex entered into an agreement with the Phoenix Airport Marriot and the Minneapolis Airport Marriot debtholders to modify their

debt obligations. (*Id.* ¶ 42.) Defendants refused to provide Plaintiff with any information about this debt reduction, including the reduction amount. (*Id.* ¶ 43.)

On April 5, 2017, Plaintiff sent Defendants Columbia Phoenix and Columbia Sussex a $2,000,000 invoice, annexed to Amended Complaint as Exhibit 7, for payment of Plaintiff's debt reduction fee for the Phoenix Airport Marriot debt. (*Id.* ¶ 44.) Defendants Columbia Phoenix and Columbia Sussex have refused to pay any part of the invoice to Plaintiff, and Plaintiff states that it is also entitled to $2,000,000 for a debt reduction fee from Defendants Columbia Minneapolis and Columbia Sussex for the Minneapolis Airport Marriot debt. (*Id.* ¶ 45.)

This Court has diversity jurisdiction over Plaintiff's state law claims and original jurisdiction over Plaintiff's Defend Trade Secrets Act claims. 18 U.S.C. §§ 1331, 1332.

## STANDARD ON A MOTION TO DISMISS

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. To survive a motion to dismiss, a complaint must supply "factual allegations sufficient 'to raise a right to relief above the speculative level.' " *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the court is " 'not bound to accept as true a legal conclusion couched as a factual allegation,' " or to credit "mere conclusory statements" or "[t]hreadbare

recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Further, a court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

## DISCUSSION

### I. Plaintiff's Breach of Contract and Unjust Enrichment Claims Against Defendant Columbia Sussex

#### A. Breach of Contract

Under New York law, to state a claim for breach of contract a party must allege: (1) the existence of a contract; (2) performance of the contract by one party; (3) breach of the contract by the other party; and (4) damages as a result of the breach. *First Inv'rs Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998). Initial interpretation of a contract is a matter of law for a court to decide. *K. Bell & Assocs. v. Lloyd's Underwriters*, 97 F.3d 632, 637 (2d Cir. 1996). However, at the motion to dismiss stage, a court "must resolve all ambiguities in the contract in Plaintiffs' favor." *Serdarevic v. Centex Homes, LLC*, 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010); *see Wurtsbaugh v. Banc of Am. Sec. LLC*, No. 05-CV-6220(DLC), 2006 WL 1683416, at *5 (S.D.N.Y. June 20, 2006) (stating that if a claim for contract breach involves an ambiguous contract provision, the claim cannot be dismissed for failure to state a claim).

Here, Plaintiff's Amended Complaint contains factual allegations sufficient to support facially plausible claims for breach of contract against Defendant Columbia Sussex. Plaintiff and Defendant Columbia Sussex had a contract for Plaintiff's consulting services in exchange for Defendant Columbia Sussex's payment of Plaintiff's debt reduction fee.[1] (Compl. ¶¶ 19–26, Ex. 2.) Defendant Columbia Sussex agreed to be bound by the terms of the Consulting Agreement. (*Id.*) Plaintiff performed under that contract by providing consulting services to Defendants, including Columbia Sussex. (*Id.* ¶¶ 38–39.) Plaintiff "coordinated and corresponded with various parties involved in the ownership of the Phoenix Airport Marriott and Minneapolis Airport Marriott loans, in pursuit of structuring a complex transaction that would achieve a debt reduction." (*Id.*) Defendant Columbia Sussex did not pay the debt reduction fee as was required under the contract, and Plaintiff suffered damages as a result. (*Id.* ¶¶ 42 – 45, 51, 61.)

Accordingly, Plaintiff established facially plausible breach of contract claims against Defendant Columbia Sussex, and Defendants' motion to dismiss Plaintiff's breach of contract claims against Defendant Columbia Sussex is denied.

B.     Unjust Enrichment

To state a claim for unjust enrichment, the plaintiff must demonstrate: " '(1) the other party was enriched, (2) at the other party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered.' " *Mahoney v. Endo Health Sol., Inc.*, No. 15-CV-9841, 2016 WL 3951185, at *11 (S.D.N.Y. July 20, 2016) (quoting *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516 (2012)).

---

[1] Through the Related Entities Agreement, Defendant Columbia Sussex "agrees that if and to the extent that [Plaintiff] provides Consulting Services to [Columbia Sussex] and/or to any affiliates . . . listed on Exhibit A hereto (collectively, "Related Entities"), said Consulting Services shall be each subject to, and be each governed by, all of the terms . . . of the [Consulting] Agreement," and Defendant Columbia Phoenix is listed as one of the related entities. (Compl. Ex. 2.)

However, under New York law, an unjust enrichment claim "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (N.Y. 2012). If the plaintiff is simply restating a contract or tort claim, then unjust enrichment is not available. *See Mahoney*, 2016 WL 3951185, at *11 (" '[U]njust enrichment is not a catchall cause of action' and it 'is not available where it simply duplicates, or replaces, a conventional contract or tort claim.' "); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) ("Yet, an unjust enrichment claim cannot survive 'where it simply duplicates, or replaces, a conventional contract or tort claim.' "). While plaintiffs can ultimately recover on only one of two claims for breach of contract and unjust enrichment, "courts in this district have routinely allowed plaintiffs to advance past the pleading stage on an alternate theory of unjust enrichment." *Dervan v. Gordian Grp. LLC*, 16-CV-1694(AJN), 2017 WL 819494, at *12 (S.D.N.Y., Feb. 28, 2017); *Next Commc'ns, Inc. v. Viber Media, Inc.*, 14-CV-8190, 2016 WL 1275659, at *8 (S.D.N.Y. Mar. 30, 2016). Additionally, "where there is a bona fide dispute as to the existence of a contract . . . a court should not dismiss a claim of unjust enrichment at the motion-to-dismiss stage." *Kottler v. Deutsche Bank AG*, 607 F. Supp. 2d 447, 468 (S.D.N.Y. 2009) (citations omitted) (internal quotation marks omitted).

Here, Plaintiff's Amended Complaint plausibly pleads unjust enrichment. According to the Amended Complaint, Defendant Columbia Sussex was enriched by entering into a debt modification agreement with the debtholders on March 31, 2017. (Compl. ¶ 42.) Plaintiff had already invested significant time and resources into arranging this debt modification. (*Id.* ¶¶ 38–40.) Defendant Columbia Sussex did not pay Plaintiff's fee despite Plaintiff's work to achieve

7

the debt reduction. (*Id.* ¶¶ 41–45.) Accepting these facts as true, Plaintiff has stated a claim for unjust enrichment against Defendant Columbia Sussex.

## II. Remainder of Plaintiff's Claims Against All Defendants

### A. Account Stated

"To properly assert an account stated claim under New York law, a plaintiff must plead that '(1) an account was presented, (2) it was accepted as correct, and (3) debtor promised to pay the amount stated.'" *Liddle & Robinson, LLP v. Garrett*, 720 F. Supp. 2d 417, 426 (S.D.N.Y. 2010) (quoting *Camacho Mauro Mulholland LLP v. Ocean Risk Retention Grp., Inc.*, No. 09-CV-9114, 2010 WL 2159200, at *2 (S.D.N.Y. May 26, 2010)). A plaintiff must demonstrate that the debtor accepted, whether explicitly or implicitly through actions, that the account was correct. *Liddle & Robinson, LLP*, 720 F. Supp. 2d at 426 (quoting *Exp. Dev. Can. v. Elec. Apparatus & Power, LLC*, No. 03-CV-2063, 2008 WL 4900557, at *16 (S.D.N.Y. Nov. 14, 2008)). Acceptance of the account and a promise to repay may be implied if the party receiving the account statement "keeps it without objecting to it within a reasonable time." *LeBoeuf, Lamb, Greene & MacRae, LLP v. Worsham*, 185 F.3d 61, 64 (2d Cir. 1999).

Plaintiff states an account stated claim against Defendants Columbia Phoenix and Columbia Sussex. Plaintiff sent those Defendants an invoice for payment of the $2,000,000 debt reduction fee on April 5, 2017. (Compl. ¶ 44.) "Despite receiving and viewing the statement of account, Columbia Phoenix and Columbia Sussex retained this statement without objection." (*Id.* ¶¶ 45, 54.) Accordingly, because the Amended Complaint establishes a facially plausible claim that the Plaintiff presented an account and Defendants did not object in a reasonable time, Defendants' motion to dismiss Plaintiff's account stated claim is denied.

8

B.  **Breach of Personal Guaranty Against Ballad**

In New York, a prima facie case for breach of a written guaranty requires that a plaintiff establish (1) an absolute and unconditional guaranty, (2) the existence of an underlying debt, and (3) the guarantor's failure to satisfy the unpaid debt. *Myers Indus., Inc. v. Schoeller Arca Sys., Inc.*, 171 F.Supp.3d 107, 121 (S.D.N.Y., 2016) (citing *City of N.Y. v. Clarose Cinema Corp.*, 256 A.D.2d 69, 71 (N.Y. App. Div. 1st Dep't 1998)). "Broad absolute and unconditional guaranties are enforceable." *Bank of Am. v. WRT Realty, L.P.*, 769 F. Supp. 2d 36, 40 (D. Mass. 2011) (citing *Red Tulip, LLC v. Neiva*, 44 A.D.3d 204, 209 (N.Y. App. Div. 1st Dep't 2007).

First, Plaintiff's Amended Complaint demonstrates that there was an absolute and unconditional guaranty in the Consulting Agreement under the section labeled "Debt Reduction Fees": "Furthermore, the authorized signatory for the Borrower hereby personally guarantees full payment of the Debt Reduction Fees." (Compl. Ex. 1.) Defendant Ballad also signed that agreement and initialed each page. (*Id.*) Second, the Amended Complaint establishes that there is an underlying debt, the outstanding debt reduction fee, and, third, that Defendant Ballad has failed to satisfy that debt. (*Id.* ¶¶ 68–69.) Thus Plaintiff stated a facially plausible claim for relief for breach of personal guaranty against Defendant Ballad.

C.  **Violation of the Defend Trade Secrets Act**

The Defend Trade Secrets Act prohibits the theft, duplication, receipt, or possession of trade secrets "related to a product or service used in or intended for use in interstate or foreign commerce" for the economic benefit of anyone other than the owner when the actor intends or knows that the offense will injure the owner of the trade secret. 18 U.S.C. § 1832.

Here, Plaintiff's only statements about trade secrets are conclusory. Plaintiff states that its methods and processes are trade secrets and states that Defendants misappropriated those trade secrets. (Compl. ¶¶ 30, 70–78.) However, Plaintiff's description of Defendants' alleged violations of the Defend Trade Secrets Act is essentially a recitation of the text of the statute. A court is not required to "accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's claims under the Defend Trade Secrets Act are dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Amended Complaint is GRANTED in part and DENIED in part.

Defendants' motion to dismiss Plaintiff's Defend Trade Secrets Claim is granted. Defendants' motion to dismiss Plaintiff's other claims is denied. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 24. Defendants are directed to file an answer to the Complaint on or before October 8, 2018. The parties are directed to appear before this Court for an initial pre-trial conference on October 12, 2018 at 12:00 PM. The parties are directed to confer, complete, and submit to the Court the attached case management plan before the initial pre-trial conference. This constitutes the Court's Opinion and Order.

Dated: September 17, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

UNITED STATES DISTRICT COURT  Rev. Jan. 2012
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

                                               Plaintiff(s),      **CIVIL CASE DISCOVERY PLAN**
                                                                              **AND SCHEDULING ORDER**
- against -

                                        Defendant(s).      _____ CV _____ (NSR)
------------------------------------------------------------x

        This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

    a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

    b. Depositions shall proceed concurrently.

    c. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8.  Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.  Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)


SO ORDERED.

Dated: White Plains, New York
       _____

                                                    _____
                                                    Nelson S. Román, U.S. District Judge